IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ROSARIO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:23-cv-966 ) Magistrate Judge Patricia L. Dodge |
| FORMER SECRETARY JOHN WETZEL, et al., | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM ORDER[1]

Plaintiff David Rosario ("Rosario"), a state prisoner currently housed at State Correctional Institute Phoenix ("SCI Phoenix"), brings this *pro se* civil rights action against various individuals affiliated with the Pennsylvania Department of Corrections (collectively "Corrections Defendants").[2] Pending before the Court is Rosario's Motion for Preliminary Injunction. (ECF No. 56.) For the reasons that follow, the motion will be denied.

### I.  Background

Rosario commenced the underlying action in June 2023. (ECF No. 1.) The Amended Complaint (ECF No. 18) alleges violations of his Eighth and Fourteenth Amendment rights and the Americans with Disabilities Act stemming from his placement on the Restricted Release List ("RRL").[3] He asserts that he has "an extensive history of mental illness and mental health diagnosis, such as: bi-polar disorder, anxiety disorder, manic depressive disorder, and schizophrenia (some of which predates his incarceration)." (*Id.* ¶ 34.) In January 2020, he was

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Therefore, the undersigned has the authority to decide dispositive motions and enter final judgment.

[2] The Defendants are Secretary John Wetzel, Secretary Dr. Laurel Harry, Deputy Secretary Tammy Ferguson, Deputy Secretary Tabb Bickle, Brian Schneider, and Director Benning. Dr. Andrew Newton was initially named as a defendant but was voluntarily dismissed from all counts without prejudice. (ECF No. 34.)

[3] The Amended Complaint also asserted claims for state law negligence, conspiracy, and IIED, but these claims were voluntarily without prejudice as to all Defendants. (ECF No. 32.)

allegedly taken off his prescribed psychiatric medications and was transferred from a specialized mental health housing unit into general population. (*Id.* ¶¶ 37-38.) The decision to place him on the RRL was based on his history of physically assaulting both Department of Corrections ("DOC") staff and other inmates.[4] (*Id.* ¶ 39, 43.) He remains on the RRL as of March 22, 2024. (ECF No. 56 ¶ 1.)

Rosario's Motion for Preliminary Injunction[5] seeks injunctive relief in the form of: (1) stopping or restraining Corrections Defendants from "physically and mentally torturing Plaintiff with a careless and indefinite assignment to the status known as the Restricted Releases [sic] List;" (2) placement in the general population of SCI Phoenix and on the Residential Treatment Unit "to provide more meaningful social interaction, external stimulation and a therapeutic environment adequate to meet his individual treatment needs;" (3) alternatively, placement in DOC mental health based program "fit to meet his individual mental health needs;" (4) stopping or restraining Corrections Defendants from "circumventive reviews;" (5) a meaningful in-depth psychiatric assessment; and (6) placement on the Stability Code "D" Roster. (ECF No. 56 ¶¶ 4-9.)

The Court ordered a response, and Corrections Defendants filed a Brief in Opposition to Rosario's motion. (ECF No. 60.) The motion is now ripe for disposition.

## II.     **Standard of Review**

Temporary or preliminary injunctive relief is "an extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421,

---

[4] Rosario was approved for RRL placement on June 16, 2021. (ECF No. 39 ¶ 14.)
[5] Rosario's motion is titled "Application/Motion for Preliminary Injunction/Temporary Restraining Order." (ECF No. 56.) However, because Corrections Defendants received notice as a result of the electronic filing, the motion was denied to the extend that it sought a temporary restraining order and the Court instead construed it solely as a motion for preliminary injunction. (ECF No. 58.)

1427 (3d Cir. 1994)). In evaluating a motion for a temporary restraining order or preliminary injunctive relief, a court considers: (1) whether the movant is reasonably likely to success on the merits; (2) whether the movant is more likely than not to suffer irreparable harm absent preliminary relief; (3) whether the balance of equities favors granting relief; and (4) whether injunctive relief is in the public interest. *Schrader v. DA of York Cnty.*, 74 F.4th 120, 126 (3d Cir. 2023) (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). A court should not grant relief "unless the movant, by a clear showing, carries the burden of persuasion." *Holland v. Rosen*, 895 F.3d 272, 285 (3d Cir. 2018) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

To be granted preliminary injunctive relief, the movant must first "meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "Although the plaintiff need not prove their case with airtight certainty, the moving party nevertheless bears a heavy burden on a motion for a preliminary injunction of establishing a reasonable probability of success on the merits." *Williams v. Lee*, No. 1:19-cv-41, 2019 WL 2285776, at *2 (W.D. Pa. May 29, 2019) (internal quotations and citations omitted). "This burden i[s] 'particularly heavy' where[,]" as is the case here, "the requested injunction 'is directed not merely at preserving the status quo but . . . at providing mandatory relief.'" *Id.* (quoting *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980)). These two "gateway factors" must be met before a court "considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly*, 858 F.3d at 179.

### III.     Discussion

Corrections Defendants argue that Rosario "alleges no facts establishing a substantial risk to his health or safety or deliberate indifference by prison officials" and he instead simply repeats the Amended Complaint's allegations attacking the constitutionality of his RRL status. (ECF No. 60 at 6-7.) As a result, they contend that Rosario failed to carry his "particularly heavy" burden to show that a preliminary injunction imposing new mandatory prison conditions is warranted. (*Id.* at 5.) The Court agrees.

Rosario's motion begins by very briefly summarizing his underlying claim and his broad allegations from the Amended Complaint. (ECF No. 56 ¶¶ 1, 2.) He then sets forth the applicable legal standard, arguing that he is "particularly vulnerable to the potential of catastrophic and or [sic] irreparable harm" due to his ongoing placement on the RRL despite Corrections Defendants' awareness of his mental health history. (*Id.* ¶ 2.) The motion concludes by requesting essentially the same injunctive relief sought in the Amended Complaint.[6] (ECF No. 56 ¶¶ 4-9.)

"'[T]o demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.'" *Siemens USA Holdings Ing v. Geisenberger*, 17 F.4th 393, 408 (3d Cir. 2021) (quoting *Campbell Soup v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)). Plaintiff must "produce affirmative evidence indicating that he or she will be irreparably harmed should that relief be denied," *Marxe v. Jackson*, 833 F.2d 1121, 1127 (3d Cir. 1987), and the threatened harm "must not be speculative," *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487–88 & n.13 (3d Cir. 2000). "Thus, even though the preliminary injunction

---

[6] The Amended Complaint seeks compensatory damages, punitive damages, declaratory relief, reasonable attorney fees and litigation costs, a trial, and injunctive relief "mandating plaintiff be released to a general population setting immediately, mandating that his mental health code "D" status be restored so he may be appropriately treated for his known mental illness, and mandating revisions be made to reflect that "C"-stability inmates be afforded the same opportunities and level of deference as "D"-stability inmates so that PADOC personnel can no longer discriminatorially [sic] disregard the severity of "C"-stability inmates' mental health symptoms for an intentional deprivation of treatment services." (ECF No. 18 at 19-20.)

inquiry is forward looking, the court can and must determine whether the moving party has established 'that it specifically and personally risks irreparable harm' to succeed on this factor." *ADP, Inc. v. Levin*, No. 21-2187, 2022 WL 1184202, at *2 (3d Cir. Apr. 21, 2022) (citing *Adams*, 204 F.3d at 487).

In support of the motion, Rosario attached a selected portion of his prison medical records dated 2018 to 2021, as well as an excerpt from a law review article discussing the effects of solitary confinement on prisoner mental health.  (ECF No. 56-1.)  The attachments are offered without context and are not referenced within the body of the motion.  Beyond that, Rosario alleges that he "has experienced psychosis and random episodes of serious self harm and/or suicide attempts" due to being placed on the RRL absent any timeline or established criteria for removal.  (*Id.* ¶ 3.B.) Notably, however, all of the attached medical records predate Rosario's designation for placement on the RRL in June 2021.  (ECF No. 56-1 at 1-13.)  And while the Court is not unsympathetic to the potential seriousness of Rosario's mental health needs, absent any supporting evidence, a mere allegation that the RRL is causing him harm is simply not enough to warrant Court intervention into DOC decision-making with respect to inmate housing.

Additionally, Corrections Defendants attached to their brief a copy of the DOC's Intensive Management Unit ("IMU") Inmate Handbook, which details a six-phase program designed to help inmates return to the general population.  (ECF No. 60-4.)  Rosario is currently in Phase 3 of the IMU program.  (ECF No. 60-1 ¶ 15.)  Phase 3 IMU inmates are afforded privileges such as three hours of exercise per day, four weekly phone calls, five weekly video visits, three weekly out-of-cell meals and weekly access to a tablet/kiosk.  (*Id.* ¶ 17.)  He also receives regular mental health assessments and has immediate access to professional psychological services should the need arise.  (*Id.* ¶¶ 19-23.)  Thus, Rosario's contention that there is no established timeline or criteria for his

removal from the RRL is unsupported as it appears that he is being afforded considerable due process.

Finally, Rosario's motion seeks "largely the same injunctive relief sought in his initial complaint" (*compare* ECF No. 18 at 19-20 *with* ECF No. 56 §§ 4-9), such that granting his "requests at this stage in the proceedings would, in effect, fail to 'preserve the relative positions of the parties' until the merits of the case are considered and would instead amount to a 'final judgment on the merits.'" *Martinez v. Rivello*, No. 22-2518, 2023 WL 3376545, at *2 (3d Cir. May 11, 2023) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). For that reason as well, the relief he seeks is inappropriate at this stage of the proceedings.

### IV. Conclusion

For the above-stated reasons, the Court concludes that Rosario, as the movant, failed to demonstrate by a clear showing that he is entitled to preliminary injunctive relief.

Therefore, this 18th day of April 2024, Rosario's Motion for Preliminary Injunction (ECF No. 56) is DENIED.

BY THE COURT:

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE