IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID ROSARIO,                          )
                                        )
          Plaintiff,                    )
                                        )
     vs.                                )     Civil Action No. 2:23-cv-966
                                        )     Magistrate Judge Patricia L. Dodge
FORMER SECRETARY JOHN WETZEL,           )
et al.,                                 )
                                        )
          Defendants.                   )

## MEMORANDUM ORDER[1]

Plaintiff David Rosario ("Rosario"), a state prisoner currently housed at State Correctional Institute Phoenix ("SCI Phoenix"), brings this *pro se* civil rights action against various individuals affiliated with the Pennsylvania Department of Corrections ("DOC") stemming from his placement on the Restricted Release List ("RRL"). Pending before the Court is a motion filed by Rosario (ECF No. 84) which the Court construes as a motion for leave to file an amended complaint.[2] For the reasons that follow, the motion will be denied.

### I.   Relevant Procedural History

Rosario commenced the underlying action in June 2023. (ECF No. 1.) On September 1, 2023, he amended his complaint under Rule 15(a)(1) of the Federal Rules of Civil Procedure. The Amended Complaint (ECF No. 18) asserted claims under the Eighth and Fourteenth Amendments, Americans with Disabilities Act, and state law negligence, conspiracy, and IIED against Former DOC Secretary John Wetzel, Secretary Dr. Laurel Harry, Deputy Secretary Tammy Ferguson, Deputy Secretary Tabb Bickell, Brian Schneider, Director Benning (collectively "Corrections

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. The undersigned therefore has the authority to decide dispositive motions and enter final judgment.

[2]  Rosario titled his motion "Motion to Reinstate Defendant/Claims Prior Dismissed." (ECF No. 84.)

Defendants"), and Dr. Andrew Newton ("Dr. Newton").   There was also a second Eighth Amendment denial of mental healthcare claim asserted against only Dr. Newton, Brian Schneider, and Director Benning.

On September 18, 2023, Corrections Defendants filed a partial motion to dismiss.  (ECF No. 19.)  Rosario responded: "Plaintiff, David Rosario, hereby, respectfully requests that this Honorable court dismisses counts V, VI, and VII of the aforementioned complaint [ECF 5]."  (ECF No. 31.)  Then, on September 19, 2023, Dr. Newton filed a separate motion to dismiss.  (ECF No. 25.)  Similarly, Rosario responded: "Plaintiff, David Rosario, pro se, moving the court to dismiss defendant, Dr. Newton from his complaint. A voluntary dismissal should suffice a response." (ECF No. 30.)

Based on these two responses, the Court entered a series of Orders dated October 10, 2023, voluntarily dismissing without prejudice Count V (negligence), Count VI (conspiracy), and Count VII (IIED) (ECF No. 32); voluntarily dismissing without prejudice Dr. Newton as a defendant (ECF No. 34);[3] and dismissing as moot both of the pending motions to dismiss (ECF Nos. 33, 35). Corrections Defendants filed their Answer (ECF No. 39) on November 30, 2023, and the case proceeded to discovery.  Since then, there have been a number of discovery disputes (ECF Nos. 46, 52, 63) and various motions filed by Rosario (ECF Nos. 55, 56, 62, 67, 68, 69) that have required the Court's attention.

On December 1, 2023, the Court entered a Case Management Order (ECF No. 40) setting forth deadlines for the close of discovery, summary judgment motions and responses thereto, and

---

[3]  The Order dismissing all claims against Dr. Newton without prejudice and terminating him as a party cites Rule 41(a)(2) of the Federal Rules of Civil Procedure.  However, because Rule 41 governs the dismissal of actions rather than individual defendants, the removal of Dr. Newton from this suit was more properly governed by Rule 15(a)(2).  Thus, the October 10, 2023 Order (ECF No. 34) terminating Dr. Newton as a defendant is more properly construed as granting Rosario leave to amend his complaint for the second time so as not to include Dr. Newton.

submission of pretrial statements. An Amended Case Management Order was issued on February 14, 2024, extending discovery to May 3, 2024. (ECF No. 48.)

On July 3, 2024, Corrections Defendants moved for summary judgment. (ECF Nos. 77, 78, 79, 80.) Rosario was initially given until August 14, 2024 to respond (ECF No. 81), but was later granted an extension until September 30, 2024 (ECF No. 83).

On August 6, 2024, the Court received Rosario's present motion titled "Motion to Reinstate Defendant/Claims Prior Dismissed," requesting that he "be granted leave to amend to basically proceed on his original complaint – reflective of defendant Newton and relevant claims against him."[4] (ECF No. 84.)

## II. <u>Discussion</u>

Under the Court's Amended Case Management Order issued in February 2024, discovery closed May 3, 2024, and the deadline to file summary judgment motions was July 3, 2024.[5] Corrections Defendants have timely filed their motion and are now waiting for Rosario's response, which would have been due on August 14, 2024 but for Rosario seeking a 60-day extension.

The Third Circuit has held that when a party moves to amend the pleadings outside the deadlines set by a district court's scheduling order, the party must first meet Rule 16(b)(4)'s "good cause" standard. *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Good cause under Rule 16(b)(4) requires a showing of due diligence. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)). "If the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion to amend

---

[4] While Rosario did not expressly seek to "reinstate" Counts V, VI, and VII against the Corrections Defendants, the Amended Complaint (ECF No. 18) asserts each of these counts against "All Named Defendants."

[5] Summary judgment motions were originally due June 3, 2024, but after several discovery objections by Rosario, the Court granted Corrections Defendants an extension to July 3, 2024. (ECF No. 74.)

its pleading." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007) (internal citation omitted); *see also E. Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (affirming denial of leave to amend where plaintiff failed to specify why information could not have been obtained earlier).

By seeking to amend his complaint, Rosario is also asking that the Court amend the deadlines set forth in the case management order. Allowing Rosario to amend his complaint at this stage of the litigation would require reopening the discovery period and resetting summary judgment deadlines. Rosario has failed to demonstrate good cause for such modification. He has not claimed to have discovered any new information related to Dr. Newton's purported involvement in this action. *See Chancellor*, 501 F. Supp. 2d at 702 ("[A] party is presumptively not diligent if, at the commencement of the lawsuit, the party knows or is in possession of the information that is the basis for that party's later motion to amend."). In fact, his only reason for seeking to reinstate Dr. Newton seems to be that he changed his mind. Thus, Rosario's attempt to add Dr. Newton at this juncture lacks sufficient cause.

But even if Rosario had met the good cause standard under Rule 16(b)(4), he has failed to demonstrate that his request to amend the complaint should be granted. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Determinations of whether to grant leave fall within the sound discretion of the court. *See, e.g.*, *Mullins v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017). Although leave should be freely granted "where justice so requires," leave may "reasonably be denied" in certain circumstances. *Id.* "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). Absent prejudice, denial may also be

4

"based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993); *see also Mullin*, 875 F.3d at 150-51. Regarding undue delay, the Third Circuit has explained:

> The "undue delay" factor recognizes that a gap between when amendment becomes possible and when it is actually sought can, in certain circumstances, be grounds to deny leave to amend. While simple delay cannot justify denying leave to amend by itself, delay that is "undue"—a delay that is protracted and unjustified—can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretional denial of leave. *As there is no presumptive period in which . . . delay becomes "undue," the question of undue delay requires that we focus on the movant's reasons for not amending sooner while bearing in mind the liberal pleading philosophy of the federal rules. Following this principle, we have refused to overturn denial of motions for leave to amend where the moving part offered no cogent reason for the delay in seeking amendment.*

*Mullin*, 875 F.3d at 151 (internal citations and quotations omitted) (emphasis added).

> In support of "reinstating" Dr. Newton as a defendant, Rosario's motion states:

> Plaintiff is a pro se litigant, with limited knowledge of the law and was prompted to voluntarily dismiss defendant Newton and relevant claims by another pro se litigant due to him not really knowing how to respond to defendant's dismissal motion <u>at the time</u>.

> . . .

> * <u>NOTE</u> – Plaintiff now believes that the dismissal of Dr. Newton took away some of his most powerful arguments; when looking at the complaint in full context; especially with regard to the conspiracy to strip his D-code stability and deceptively deprive access to adequate mental healthcare.

> Plaintiff now believes that it would be in the best interest of justice and fairness to restore defendant Newton to this action.

(ECF No. 84) (emphasis in original). No further reason or explanation is given.

Dr. Newton was first named as a defendant in the original complaint filed on June 16, 2023. When Rosario amended his complaint on September 1, 2023, he kept Dr. Newton in the action. It was not until Dr. Newton moved to dismiss that Rosario made the decision to remove Dr. Newton

as a defendant in this action.  Now, over eleven months later, Rosario seeks to "reinstate defendant and claims prior dismissed."  But Rosario made another decision over eleven months ago – the decision to dismiss his negligence, conspiracy, and IIED claims against all defendants, including Dr. Newton.  Granting Rosario's request to reinstate Dr. Newton as a defendant at this time would clearly result in severe prejudice to him.  Therefore, Rosario's motion to amend his complaint to include Dr. Newton as a defendant and to add the previously dismissed claims against him will be denied.

The relief sought by Rosario would also substantially prejudice each Corrections Defendant who has completed discovery and moved for summary judgment with the expectation that they would not have to defend against a conspiracy claim.  "To demonstrate a conspiracy under section 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right." *Parkaway Garage, Inc. v. Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1983), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003).  *See also Mack v. Clark*, 2022 WL 2669510, at *6 (W.D. Pa. 2022).  Thus, any amendment that would include a conspiracy claim would necessarily reassert a conspiracy claim against the Corrections Defendants, all of whom were originally named in this count until Rosario elected to withdraw it.

Finally, the Corrections Defendants were originally named in the negligence and IIED claims until Rosario sought their dismissal. While it is unclear if Rosario seeks to reinstate these claims against the Corrections Defendants in addition to Dr. Newton,  they would be equally prejudiced if such an amendment were permitted.

**III.**     <u>**Conclusion**</u>

Therefore, this 27th day of August 2024, Rosario's Motion to Reinstate Defendant/Claims Prior Dismissed (ECF No. 84), which the Court construes as a motion for leave to file an amended complaint, is DENIED.

BY THE COURT:


<u>/s/ Patricia L. Dodge</u>
PATRICIA L. DODGE
United States Magistrate Judge